UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| NICHOLAS A. GREEN, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:08-cv-163-LJM-TAB |
| | ) | |
| FORD MOTOR COMPANY, | ) | |
| Defendant. | ) | |

**ORDER ON PLAINTIFF'S MOTION TO COMPEL**

Parties appeared by counsel April 16, 2010, for a telephonic status conference to address Plaintiff's motion to compel [Docket No. 97]. Counsel was given a full opportunity to be heard. For the reasons more fully stated at the conference, and as noted below, Plaintiff's motion is denied.

Plaintiff's motion seeks to compel responses to an interrogatory seeking information about individuals who have made claims against Ford for cervical fractures in rollovers of Ford SUVs. By letter dated December 1, 2009, Defendant indicated that it would limit its discovery responses to the years 1998-2000, and to two-door Ford Explorers. Plaintiff was driving a two-door model when injured, but the Explorer comes in a four-door model as well. Defendant also put Plaintiff on notice by way of its initial disclosures on June 18, 2008, that unless otherwise noted, its discovery responses would be limited in this fashion. Those initial disclosures also outlined various design changes to the Explorer over the years, supporting Defendant's contention that these changes make discovery of incidents prior to 1998 beyond the scope of Rule 26.

Putting the merits of this discovery dispute aside, the Court finds Plaintiff's motion

procedurally problematic.  Plaintiff was on notice since June of 2008 that Defendant would be limiting its discovery responses in the manner Plaintiff now seeks to contest.  Moreover, Defendant's December 1, 2009, letter reiterated this position.  Nevertheless, Plaintiff let the (enlarged) March 6, 2010, discovery deadline pass and did not file this motion to compel until April 13, approximately two weeks prior to the final pretrial conference and one month before trial.  To revisit these thorny discovery issues at this late stage would prejudice the Defendant and would create problems for trial preparation and trial itself.

Plaintiff fares no better on the merits.  Plaintiff's discovery request contains no temporal limitation.  At the status conference, Plaintiff stated he sought discovery for the time period of 1990-2006.  This 16-year period is over broad.  Moreover, Plaintiff's request makes no accommodation for the design changes that have occurred to the Explorer over the years, as set forth in Defendant's initial disclosures.

Accordingly, Plaintiff's motion to compel [Docket No. 97] is denied.

Dated:    04/16/2010

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Jared Adam Harts
FROST BROWN TODD LLC
jharts@fbtlaw.com

James O. McDonald
EVERETT EVERETT & MCDONALD
jameso@mcdonaldlawoffice.com

Randall R. Riggs
FROST BROWN TODD LLC
rriggs@fbtlaw.com

Kevin C. Schiferl
FROST BROWN TODD LLC
kschiferl@fbtlaw.com

David Vaughan Scott Sr.
SCOTT, FORREST & BOURNE
dave@davescott.us