UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| NICHOLAS A. GREEN,<br>　　　Plaintiff, | )<br>)<br>) | |
| vs. | ) | 1:08-cv-0163-LJM-TAB |
| FORD MOTOR COMPANY,<br>　　　Defendant. | )<br>)<br>) | |

## AMENDED ENTRY ON PLAINTIFF'S MOTION TO CERTIFY QUESTION OF INDIANA LAW

On May 10, 2010, the parties appeared, by counsel, for the Final Pretrial Conference during which the Court issued an oral ruling on plaintiff's, Nicholas A. Green ("Green"), Motion to Certify Question of Indiana law. This Entry serves to supplement and clarify the Court's decision to grant Green's motion.

## I. BACKGROUND

On January 24, 2006, Green was driving a 1999 Ford Explorer Sport traveling northbound on Interstate 65 in Indianapolis. Between 1:30 and 2:00 a.m., near the 108 mile marker, Green's vehicle left the traveled portion of the road, struck the end of a guard rail, and rolled down an embankment, eventually coming to rest upside down in a ditch. Mr. Green was rendered a quadriplegic as a result of this accident.

On January 22, 2008, Green initiated this action in state court against defendant, Ford Motor Company ("Ford"), under the Indiana Products Liability Act ("PLA"), Indiana Code sections 34-20-1-1 through 34-20-9-1. Green claims that the 1999 Ford Explorer Sport was defective and unreasonably dangerous, and that Ford was negligent in its design

of the vehicle's restraint system. Specifically, Green claims that the injuries he sustained as a result of the January 24, 2006, accident were enhanced by defects in the restraint system of the 1999 Ford Explorer Sport.

This type of claim is commonly referred to as a "crashworthiness" or "enhanced injury" claim. *See Miller v. Todd*, 551 N.E. 2d 1139, 1140 (Ind. 1990). As the Indiana Supreme Court noted in *Miller*, the first case to recognize the crashworthiness doctrine was *Larsen v. General Motors Corp.*, 391 F.2d 495 (8th Cir. 1968). *Miller*, 551 N.E. 2d at 1141. The doctrine applies to so-called "second collision" or "enhanced injury" cases involving automobile crashes with two distinct collisions. In a typical crashworthiness case, the first collision causes the accident itself–for example, when the plaintiff's vehicle is rear-ended by another driver. The second collision–namely, when the plaintiff strikes the interior of the plaintiff's vehicle and is injured–causes the plaintiff's enhanced injuries. In *Miller*, the Indiana Supreme Court recognized the crashworthiness doctrine as the basis of a viable cause of action. 551 N.E.2d at 1142.

"Under the doctrine of crashworthiniess a motor vehicle manufacturer may be liable in negligence or strict liability for injuries sustained in a motor vehicle accident where a manufacturing or design defect, though not the cause of the accident, caused or enhanced the injuries." *Id.* at 1140. In such a case, the plaintiff bears the burden of proving that the defective condition of the product at issue proximately caused the plaintiff's enhanced injuries. Specifically, the plaintiff must "demonstrate that a feasible, safer, more practicable product design would have afforded better protection." *Id.* at 1143 (citation omitted). The defendant is not responsible for any of the plaintiff's injuries that resulted from the accident itself and not from the alleged defects in the defendant's products. *Id.* at 1141-42.

2

In this case, Ford intends to assert an affirmative defense based upon Green's alleged negligence in causing the underlying accident. Therefore, in preparation for trial, Green moved *in limine* to exclude any evidence of Green's alleged contributory negligence. Green claims that, in a crashworthiness claim where the sole claim for damages relates only to Green's enhanced injuries, evidence of Green's negligence in causing the underlying accident is not relevant and impermissibly prejudicial. Green asserts that the only relevant inquiry is whether Ford's negligent design of the 1999 Ford Explorer Sport's restraint system caused injuries that Green would not have otherwise suffered with a properly designed restraint system. In other words, Green asserts that his alleged negligence is irrelevant because only a product's defective design can cause "enhanced injuries." Ford asserts that Indiana Code 34-20-8-1 dictates that Green's alleged negligence in causing the underlying accident must be considered by the jury. Green now moves to certify what he believes is an unanswered question of Indiana law: whether, in a crashworthiness case alleging enhanced injuries under the PLA, the finder of fact shall apportion fault to the person suffering physical harm when that alleged fault relates to the cause of the underlying accident.

## II. ANALYSIS

Contrary to Ford's suggestion, Indiana Code section 34-28-8-1 does not resolve the present dispute. Indiana Code section 34-20-8-1 provides, in relevant part: "In a product liability action, the fault of the person suffering the physical harm, as well as the fault of all others who caused or contributed to cause the harm, shall be compared by the trier of fact

3

in accordance with [the Indiana Comparative Fault Statute.[1]]" Ind. Code § 34-20-8-1(a). For purposes of enhanced injury cases, the critical task under section 34-20-8-1 is to define the "physical harm" at issue and to determine which parties "caused or contributed to cause the ['physical harm.']" Ind. Code §§ 34-20-1(a), 34-51-2-7. In crashworthiness claims, the "physical harm" at issue is the enhanced injuries caused by the defective design, or, put differently, the injuries that would not have otherwise occurred but for the defendant's defective product design. Therefore, the critical question is whether a plaintiff who negligently causes the underlying accident in a crashworthiness or enhanced injury case also "causes" the enhanced injuries that, by law, the plaintiff is required to prove were caused by the defective design. Indiana Code section 34-20-8-1 does not answer that question; rather, it merely instructs that, if the plaintiff in a products liability action proximately causes at least some of the plaintiff's injuries, then the jury is required to apportion fault under the Indiana Comparative Fault Statute.

Neither Indiana's General Assembly nor the Indiana Supreme Court has addressed the issue of whether a plaintiff's contributory negligence in causing the first collision is also, as a matter of Indiana law, "fault" that the jury shall apportion under Indiana Code section 34-20-8-1. In addition, the Court notes that the other jurisdictions that have addressed this issue have reached differing results. *See* Edward M. Ricci *et al.*, *The Minority Gets It Right: The Florida Supreme Court Reinvigorates the Crashworthiness Doctrine in* D'Amario v.

---

[1] The Indiana Comparative Fault Statute requires the finder of fact, in an action based on fault, to determine the percentage of fault of the claimant, the defendant, and any other person who is a non-party. Ind. Code § 34-51-2-7. "In assessing the percentage of fault, the jury shall consider the fault of all persons who caused or contributed to cause the alleged injury . . . ." *Id.*

Ford, Fla. Bar J., June 2004, at 16-20.  Therefore, the Court must decide whether the question should be certified to the Indiana Supreme Court.

The Seventh Circuit has directed that "certification is appropriate when the case concerns a matter of vital public concern, where the issue will likely recur in other cases, where resolution of the question to be certified is outcome determinative of the case, and where the state supreme court has yet to have an opportunity to illuminate a clear path on the issue."  *State Farm Mut. Auto. Ins. Co. v. Pate*, 275 F.3d 666, 672 (7th Cir. 2001) (quoting *In re Badger Lines, Inc.*, 140 F.3d 691, 698-99 (7th Cir. 1998)).  Importantly, the Court should "weigh the degree of uncertainty that exists on the state law issue" and consider whether "the issue is one of first impression for the court of last resort."  *Allstate Ins. Co. v. Menards, Inc.*, 285 F.3d 630, 638-39 (7th Cir. 2002) (citing *Pate*, 275 F.3d at 671-72).  The Court's decision whether to certify a question to the Indiana Supreme Court should be approached with circumspection.  *Brown v. Argosy Gaming Co., L.P.*, 384 F.3d 413, 417 (7th Cir. 2004).

The Court concludes that these factors weigh in favor of certification in the present case.  The law is uncertain; no Indiana court has written on the issue and there is a split of authority in other states.  Additionally, the issue concerns a matter of vital public concern; indeed, many courts have answered the question–either affirmatively or negatively–as a matter of public policy.  *See* Ricci, *supra*, at 19-20.  Moreover, this issue will arise in any crashworthiness case where the negligence of the plaintiff or any other third party in causing the underlying accident is at issue.  Finally, the Court is of the opinion that Green's alleged negligence in causing the underlying accident would become outcome

5

determinative when, as is the case here, a plaintiff may not recover if he or she is fifty percent at fault.

Therefore, the Court concludes that the question regarding Green's alleged negligence should be certified to the Indiana Supreme Court.

### III.  CONCLUSION

For these reasons, Plaintiff's Motion to Certify Question to Indiana Supreme Court is **GRANTED**.  Accordingly, the Court respectfully requests the Supreme Court of Indiana to resolve the following issue:

> Whether, in a crashworthiness case alleging enhanced injuries under the Indiana Products Liability Act, the finder of fact shall apportion fault to the person suffering physical harm when that alleged fault relates to the cause of the underlying accident.

Until this issue is resolved, a trial on Plaintiff's claims would be premature.  Therefore, this cause, and all its pending motions, are administratively closed pending resolution of the issue by the Indiana Supreme Court.

IT IS SO ORDERED this 30th day of June, 2010.

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution attached.

Distribution to:

Nelson D. Alexander
FROST BROWN TODD LLC
nalexander@fbtlaw.com

Todd Andrew Croftchik
SEIPP & FLICK LLP
tcroftchik@seippflick.com

Richelle Marie Harris
FROST BROWN TODD LLC
rharris@fbtlaw.com

Bradley M. Lakin
LAKINCHAPMAN LLC
bradl@lakinchapman.com

James O. McDonald
EVERETT EVERETT & MCDONALD
jameso@mcdonaldlawoffice.com

Randall R. Riggs
FROST BROWN TODD LLC
rriggs@fbtlaw.com

Kevin C. Schiferl
FROST BROWN TODD LLC
kschiferl@fbtlaw.com

David Vaughan Scott Sr.
SCOTT, FORREST & BOURNE
dave@davescott.us